UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BANKS,<br><br>            Plaintiff,<br><br>      v.<br><br>J. PELAYO, et al.,<br><br>            Defendants. | CASE NO. 1:20-cv-0117 JLT (PC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT WITH LEAVE TO AMEND**<br><br>**FOURTEEN-DAY DEADLINE** |

The Court screened plaintiff's complaint and found it lacked a cognizable claim. (Doc. 13.) The Court directed Plaintiff a notice as to whether he wished to stand on the complaint, dismiss this action, or file an amended complaint. Plaintiff has now filed a document that, though titled "First Amended Complaint," is properly construed as a notice of plaintiff's intent to stand on his complaint. (Doc. 14.) For the reasons set forth previously, the Court RECOMMENDS the matter be dismissed for failure to state a claim.

**I.    Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

1  550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I</u>
2  <u>v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
3  omitted). While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 556 U.S.
4  at 678.

5      Prisoners may bring § 1983 claims against individuals acting "under color of state law."
6  <u>See</u> 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that
7  each defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d
8  930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a
9  plausible claim for relief. <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969
10 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
11 liberally construed and to have any doubt resolved in their favor, <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342
12 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short
13 of meeting the plausibility standard, <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

14 **II.  Plaintiff's Allegations**

15     Plaintiff brings a First Amendment retaliation claim and a Fourteenth Amendment due
16 process claim against Kern Valley State Prison Correctional Officer J. Pelayo and Appeal
17 Coordinator A. Leyva. Plaintiff seeks declaratory relief and damages.

18     In his complaint, Plaintiff alleges that on May 1, 2019, Plaintiff refused to accept a cellmate.
19 Purportedly in retaliation for this denial, CO Pelayo confiscated Plaintiff's television on May 15.
20 Plaintiff appealed the confiscation, Appeal Coordinator Leyva informed Plaintiff that he must
21 remove the allegation from the grievance otherwise it would not be treated as a staff complaint.

22 **III.  Discussion**

23     **A. First Amendment Retaliation**

24     The fundamentals of a retaliation claim are easily summarized: "Within the prison
25 context, a viable claim of First Amendment retaliation entails five basic elements: (1) An
26 assertion that a state actor took some adverse action against an inmate (2) because of (3) that
27 prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
28

2

1   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
2   Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d
3   443, 449 (9th Cir. 2000)). It is the plaintiff's burden to prove each of these elements. Pratt v.
4   Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

5   Plaintiff alleges that CO Pelayo retaliated against him because Plaintiff refused to accept a
6   cellmate. While the decision to double-cell an inmate for engaging in protected conduct may be
7   deemed retaliatory, see Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995), a plaintiff's refusal to
8   accept a cellmate is not itself protected conduct within the meaning of the First Amendment. See
9   Campbell v. Beard, 2016 WL 8996956, at *4 (E.D. Cal. Apr. 28, 2016) (finding that plaintiff's
10  refusal to accept a cellmate could not underlie a retaliation claim), rev'd in part on other grounds,
11  683 Fed. Appx. 560 (9th Cir. 2017); King v. Valenzuela, 2016 WL 9001199, at *10 (C.D. Cal.
12  Jan. 29, 2016) (plaintiff failed to state a retaliation claim that was premised on his refusal of a
13  double-cell assignment); Parra v. Hernandez, 2008 WL 5765843, at *4 (S.D. Cal. Jul. 22, 2008)
14  (finding that inmate's refusal to comply with double-cell order was not protected conduct for
15  purposes of First Amendment retaliation claim), accepted in pertinent part by 2009 WL 799065
16  (S.D. Cal. Mar. 24, 2009) (stating that "Plaintiff's refusal to share a cell does not constitute
17  protected speech or conduct under the First Amendment."); McKinney v. Davis, 2007 WL
18  214581, at *6 (E.D. Cal. Jan. 25, 2007) (plaintiff did not state retaliation claim against defendant
19  who allegedly confiscated his property in retaliation for his refusal to double-cell because plaintiff
20  did not have constitutional right to refuse to double-cell), accepted by 2007 WL 840781 (E.D.
21  Mar. 16, 2007). Accordingly, Plaintiff's retaliation claim fails.

22  **B. Fourteenth Amendment Due Process**

23  The Due Process Clause protects prisoners from being deprived of liberty without due
24  process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action
25  for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for
26  which the protection is sought. "States may under certain circumstances create liberty interests
27  which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).
28

Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982), accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Liberally construing the complaint, Plaintiff brings a due process claim against Appeal Coordinator Leyva for screening out Plaintiff's grievance with the directive that he must omit his allegations about CO Pelayo. Because Plaintiff does not have a constitutional right to have his grievance processed in any specific way, this claim also fails.

///

**IV.     Conclusion**

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court granted Plaintiff an opportunity to file an amended complaint, but, instead, he has chosen to stand on his complaint. (Doc. 14) Accordingly, the Court **ORDERS** the Clerk of Court to assign a district judge to this case; and

The Court **RECOMMENDS** that plaintiff's complaint (Doc. 1) be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 20, 2021**             /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE